UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CREATIVE KIDS FAR EAST INC.

       Plaintiff,      15-cv-06027 (NSR)

 -against-          OPINION AND ORDER

GRIFFIN, et al.,

       Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

  Plaintiff Creative Kids Far East Inc. ("Creative Kids" or "Plaintiff") commenced this action against Defendants Paul Griffin ("Paul") and Alinka Griffin ("Alinka") (collectively, "Defendants") in the Supreme Court of the State of New York, County of Rockland, alleging breach of contract and violation of New York Labor Law §§ 191 and §191-c. Defendants removed the action to this court on the basis of diversity jurisdiction by Notice of Removal on July 31, 2015.

  Before the Court is Plaintiff's motion to remand this case to state court for adjudication on the basis that Defendants' request for removal was untimely. For the reasons set forth below, Plaintiff's motion is DENIED.

## PROCEDURAL HISTORY

  Plaintiff filed a summons and complaint in the Supreme Court of the State of New York, County of Rockland on June 15, 2015. On June 16, 2015, defendant Alinka was served with summons and complaint by personal service. Her husband, defendant Paul, was not home at the time, so a copy of the pleadings were served on Alinka, as "a person of suitable age and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2016

1

discretion" at Paul's "dwelling house, or usual place of abode." CPLR § 308(2). On June 26, 2015, a copy of the summons and complaint were mailed to Paul at his home address, and attorney David Lapa filed an Affirmation of Service with the court. Paul was therefore served with substituted service under CPLR § 308(2).

On July 31, 2015, Defendants removed this action to federal court. In response, Plaintiff attempted to file a motion to remand on August 20, 2015. Thereafter, Plaintiff filed an Amended Complaint. After the Court rejected Plaintiff's first motion to remand for failing to comply with the Court's Individual Practices, the Plaintiff resubmitted the motion to remand on August 24, 2015. Finally, on September 8, 2015, Defendants filed an Answer to the Amended Complaint with Verified Counterclaims, and Plaintiff filed a Reply to Defendants' Counterclaims on September 22, 2015.

## STANDARD ON REMOVAL

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The removal jurisdiction of the federal courts is limited and should be "scrupulously confined."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Noel v. J.P. Morgan Chase Bank N.A.*, 918 F. Supp. 2d 123, 125 (E.D.N.Y. 2013). "'Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.'" *James v. Gardner*, 2004 WL 2624004, at *1 (E.D.N.Y. Nov. 10, 2004) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y. 1996)).

On a motion for remand, the removing defendant "bears the burden of demonstrating the propriety of removal." *California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.,* 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted); *see also Veneruso v. Mount Vernon Neighborhood Health Ctr.,* No. 09–CV–8703, 2013 WL 1187445, at *2 (S.D.N.Y. Mar. 22, 2013) ("As a general matter, the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936))).

## DISCUSSION

The current dispute requires the Court to interpret New York's Civil Practice Law and Rules regarding service of process for the purpose of applying the federal removal statute. Under 28 U.S.C. § 1446(b), a defendant has 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" to file a notice of removal. Prior to the Supreme Court's interpretation, the phrase "through service or otherwise" created a dispute throughout federal courts as to what means of receipt is sufficient to trigger the removal clock. *Compare Roe v. O'Donohue,* 38 F.3d 298 (7th Cir. 1994) (holding that a defendant need not receive service of process before his time for removal under § 1446(b) begins to run), *with Hunter v. Am. Exp. Travel Related Servs.*, 643 F. Supp. 168 (S.D. Miss. 1986) (holding that the 30-day period in which to file petition for removal does not begin to run until receipt of proper service of process. 28 U.S.C.A. § 1446(b)). This split was addressed by the Supreme Court in *Murphy Bros. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344 (1999). In *Murphy,* a plaintiff filed a complaint in Alabama state court and faxed a courtesy copy of the complaint to the defendant, but did not serve the complaint until fourteen days later when settlement negotiations failed. *Id.* at 348. The defendant removed the case 30 days after official service but 44 days after receipt of the complaint through fax, and the plaintiff moved to remand on the basis that removal was untimely

3

under § 1446(b). *Id.* The Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48. In so holding, the Court reasoned that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority" by formal service of process and therefore, the commencement of the removal period is only triggered at such time. *Id.* at 347.

In the instant case, the question then becomes when *formal* service of process is *complete* under New York's substituted service provision. *See Fed. Ins. Co. v. Tyco Int'l Ltd.,* 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006) (citing *In re Pharmaceutical Indus. Average Wholesale Price Litig.,* 307 F.Supp.2d 190, 195 (D.Mass.2004)) ("[a]fter *Murphy Brothers,* proper service of process under state law is required to trigger a defendant's removal obligations."). CPLR § 308(2) provides that, when serving a party by substituted service, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; [and] service shall be complete ten days after such filing." CPLR § 308(2). Based on the plain language of § 308(2) and the holding in *Murphy,* Defendants argue that service was only completed on July 6, 2015—ten days after proof of service was filed—and the 30-day clock began to run on that day. (*See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand, ECF No. 23, at 6.)

On the other hand, Plaintiff contends that receipt of an initial pleading accompanied by "*any* formal service" is sufficient to start the removal clock under *Murphy*, and therefore Defendants' receipt of the summons and complaint on June 16, 2015 constitutes formal service. (*See* Memorandum of Law on Behalf of Creative Kids Far East Inc., ECF No. 18, ¶¶ 28-29, 39.)

4

Plaintiff primarily relies on the reasoning of the court in *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, which explained that "[f]ederal court jurisdiction is not dependent on the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed 'complete.'" 314 F. Supp. 2d 177 (S.D.N.Y. 2003). *Stan Winston* held that, for purposes of removal under § 1441(b), service is sufficiently complete where a defendant is properly served by "leaving and mailing," notwithstanding the fact that no proof of service has been filed (and thus, the ten day period after filing proof of service has not run). *Id.* at 181-82. *Stan Winston* emphasized that this is especially so where New York law itself is ambiguous as to when a defendant can be considered served for various purposes. *Id.* In so holding, the *Stan Winston* court relied on *Haegeland v. Massa*, 427 N.Y.S.2d 887 (App. Div. 1980), which allowed the trial court to give effect to a default judgment entered prior to proof of service being filed. *Stan Winston*, 314 F.Supp.2d at 181-82.

However, as noted in *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052 KMK, 2011 WL 1236121, at *5 (S.D.N.Y. Mar. 31, 2011), "[t]he Appellate Departments appear to have changed course since 1980, even including the Second Department which issued *Haegeland*." (citing *Paracha v. Cnty. of Nassau*, 643 N.Y.S.2d 637, 638 (App. Div. 2d Dep't 1996) ("Because the proof of service required by CPLR 308(2) has yet to be filed, the respondent never defaulted in appearing."); *Weininger v. Sassower*, 612 N.Y.S.2d 249, 250 (App. Div. 2d Dep't 1994) (holding that default judgment was properly entered after Supreme Court granted plaintiff's motion to file late proof of service *nunc pro tunc* and defendant failed to appear within ten days after the late filing, but noting that "we agree that a court cannot invoke the device of *nunc pro tunc* to effectively grant a default judgment retroactively"). Moreover, federal and New York state courts have held, since *Murphy*, that substituted service in New York is only

"complete" upon the expiration of ten days after proof of service is filed. *See Stop & Shop*, No. 10-CV-3052 KMK, 2011 WL 1236121, at *5 (holding that a defendant's time to respond when served pursuant to § 308(2) is not triggered until the filing of proof of service and the passage of ten days); *Pope v. Rice*, No. 04 CIV. 4171 (DLC), 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005) (citing *Roth v. Syracuse Housing Auth.*, No.2001-5404, 2002 WL 31962630, at *12 (N.Y. Sup. Ct. July 17, 2002)) ("Substituted service is complete when: a) a person of suitable age and discretion is served; and b) a copy of the summons and complaint is mailed to the defendant; and c) upon the expiration of ten days after proof of such service has been filed."); *Friedman v. Ostreicher*, 22 A.D.3d 798, 799, 803 N.Y.S.2d 703, 704 (App. Div. 2d Dep't 2005) (holding that "service was complete 10 days after" the filing of proof of service, and defendant's "time to appear or answer did not begin to run" until expiration of the 10-day period).

By requiring complete service pursuant to strict compliance with state procedural rules, the aforementioned cases align with the rationale in *Murphy*, that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350. A defendant cannot be required to take action—such as filing for removal—in a proceeding in which he is not yet an official party. Therefore, the 30-day period for removal cannot begin to run until defendant is an official party to the proceeding and has an obligation to respond to the action, which only occurs after strict compliance with state procedural service rules—in this case, 10 days after the filing of proof of service. *See* CPLR § 308(2); *Stop & Shop*, No. 10-CV-3052 KMK, 2011 WL 1236121, at *5 (holding that strict compliance with "§ 308(2)'s requirements that proof of service be timely filed and that ten days

pass" is necessary before service is "complete" and a court may exercise power over a defendant.)

In the instant case, proof of service was filed on June 26, 2015. Substituted service pursuant to § 308(2) was therefore complete after the expiration of ten days following such filing, or on July 6, 2015. Therefore, Defendants' removal on July 31, 2015 was timely, as it was within 30 days of the completion of service.

## CONCLUSION

Based on the foregoing, the Court determines that the removal was timely. Accordingly, Plaintiffs' motion to remand the case to state court is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

Dated: January 22nd, 2016                SO ORDERED:

White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge